IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**, <br> 1101 K Street N.W., Suite 201 <br> Washington, D.C. 20005, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF THE TREASURY** <br> 1500 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20220 <br><br> Defendant. | Civil Action No. 19-2719 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of Defendant U.S. Department of the Treasury ("Treasury") to release records in response to CREW's FOIA request for legal opinions relating to 31 U.S.C. § 329 and all documents referring or pertaining to Secretary Steven Mnuchin's investment in the Vanguard Treasury Money Market Fund, including any determination as to whether that investment violates 31 U.S.C. § 329.

2.      This case seeks declaratory relief that Defendant is in violation of FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to provide CREW all responsive, non-exempt documents, and injunctive relief ordering Defendant to process and release to CREW immediately the requested records.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant Treasury is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Treasury has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

### Factual Background

6. Steven Mnuchin is the Secretary of the Department of the Treasury, and he assumed office on February 13, 2017.

7. As Secretary of the Treasury, Mr. Mnuchin is flatly prohibited from any involvement "in buying or disposing of obligations of a State or the United States Government." 31 U.S.C. § 329(a)(1)(D). This prohibition dates to the Treasury Department's enacting statute.

1 Stat. 65, 67 (1789). The "obvious purpose" of this statute was to "prohibit personal interest in such bond issues and certain other affairs and business, and private emolument or gain in the transaction of *any* business in the Treasury Department." 25 Op. Att'y Gen. 98, 99 (1903); *cited approvingly by* 30 Op. O.L.C. 84 (2006), 2006 WL 8448037, at *6.

8. If the Secretary violates this statutory ban, the Secretary "shall be fined $3,000, removed from office, and thereafter may not hold an office of the Government." 31 U.S.C. § 329(a)(2).

9. Notwithstanding this clear prohibition, Secretary Mnuchin's 2018 public financial disclosure report revealed a new $500,000-$1 million investment in the Vanguard Treasury Money Market Fund. Steven Mnuchin, Public Financial Disclosure Report, June 27, 2018, part 2, item 6.10, *available at* https://bit.ly/2k7mu6o; *compare* Steven Mnuchin, Public Financial Disclosure Report, Dec. 16, 2016, part 2, *available at* https://bit.ly/2eT0oSr.

10. The Vanguard Treasury Money Market Fund's prospectus states that it "invests solely in high-quality, short-term money market securities whose interest and principal payments are backed by the full faith and credit of the U.S. government" and "under normal circumstances, at least 80% of the Fund's assets will be invested in U.S. Treasury securities; the remainder of the assets may be invested in securities issued by U.S. government agencies." Vanguard Money Market Funds Prospectus at 12, *available at* https://personal.vanguard.com/pub/Pdf/p030.pdf.

11. Accordingly, Secretary Mnuchin's new investment in the Vanguard Treasury Money Market Fund appears to place him in clear violation of the statutory ban against "buying or disposing of obligations of a State or the United States Government."

12. To better understand this matter, CREW sent a FOIA request dated August 2, 2019 ("August 2 FOIA") which sought:

      a. Copies of all legal opinions provided to the Treasury Department from June 23, 2006 to the present from the Department of Justice's Office of Legal Counsel pertaining in any way to 31 U.S.C. § 329; and

      b. Copies of all documents referring or pertaining to Secretary Mnuchin's investment in the Vanguard Treasury Money Market Fund including, but not limited to, any determination made by the Treasury Department as to whether this investment violates 31 U.S.C. § 329.

13. CREW sought a waiver of fees associated with processing its FOIA request. In support, it explained the great public interest in ensuring that the Secretary of the Treasury follow a law aimed specifically at him and in knowing whether his conduct confirms with any ethics advice that he has received.

14. CREW sent its FOIA request by fax on August 2, 2019.

15. Later that same day, CREW received an eFax confirming Treasury's receipt of the FOIA request.

16. To date, Treasury has not responded to or provided a determination on CREW's August 2 FOIA request. CREW has thus exhausted all applicable administrative remedies with respect to its August 2 FOIA request.

### Plaintiff's Claim for Relief

**(Treasury's Wrongful Withholding of Non-Exempt Records)**

17. Plaintiff repeats and re-alleges the preceding paragraphs.

18. In its August 2, 2019 FOIA request, plaintiff properly asked for records within the custody and control of the Treasury.

19. Defendant Treasury wrongfully withheld from disclosure agency records requested by plaintiff in its August 2, 2019 FOIA request.

20. By failing to release the records as plaintiff specifically requested, Defendant violated the FOIA.

21.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its August 2, 2019 FOIA request.

## **Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order Defendant Treasury to immediately and fully process plaintiff's August 2, FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2)     Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the records requested in its August 2, 2019 FOIA request;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award plaintiff its costs and reasonable attorney's fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Laura C. Beckerman*
Laura C. Beckerman
(D.C. Bar No. 1008120)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and Ethics
  in Washington
1101 K Street, NW, Suite 201
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020
lbeckerman@citizensforethics.org

Dated: September 11, 2019                                    *Attorneys for Plaintiff*